# THE S.A. JACKSON
# LAW FIRM, P.C.

70 EAST 55TH STREET
New York, NY 10022
Tel: (212) 755-0500
Fax: (212) 755-2140
Email: saj@maidman.org

April 18, 2014

Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York N.Y. 11201

        Re: United States. v. Approximately Sixty-Nine
        Rough Diamonds Seized at JFK International
        Airport on March 15, 2013; Civil Action No.:14-538

Dear Judge Townes:

    I represent the claimant of the in rem diamonds, defendants in the above referenced Civil Action. I write to request permission to file a motion under Federal Rule 12 (b)(6) addressed to the complaint in the above mentioned action. I understand that pursuant to your Rules you may order a pre-motion conference or, effectively, treat with my request without the need for a formal conference.

    The complaint herein describes the conduct of the claimant, Hawa Bah, a citizen of Guinea, as if things happened which violate the rules, regulations and statues of the United States, without regard to whether said conduct was intentional, deliberate or unintentional. Mrs. Bah claims that the conduct which gives rise to the forfeiture sought by the United States was accidental and unintentional on her part. She claims that the stones involved were mined by her but set aside in her office because they were not particularly desirable for sale. She claims that when summoned to the United States, to meet with those persons who were advising her in connection with the death of her son, the diamonds in rem were thrown into her jewelry case, along with finished gold and diamond jewelry that she wore in the ordinary cause in foreign countries in which she travels.

    Mrs. Bah claims that the stones were not intended for sale in the United States or any place, but were awaiting the mining by her of other stones which would make a combined package more attractive for sale.

    As a respected mining executive in Guinea, Mrs. Bah had available to her at will, a Kimberly Certificate which would have allowed entry into the United States without

STUART A. JACKSON, P.C.

forfeiture or duty being paid to the United States and a tamper proof box within which the in rem stones could be transported.

Because of the nature of the forfeiture demanded by the United States, a value in excess of $70,000, Mrs. Bah equates the forfeiture demand to those criminal statutes which require mens rea or intention as a condition of guilt.

Mrs. Bah's position that as an accidental transporter and owner of the diamonds in rem, she is not subject to forfeiture and that the complaint against her is defective since it appears from the text of the complaint that she could be liable for accidental entry of in rem stones to the United States.,

Therefore Mrs. Bah seeks to dismiss the complaint for failure to allege the intention necessary for the United States to win forfeiture of the in rem stones

I have spoken to AUSA, Laura Mantell, whose is charged with defending the captioned action and she has advised me that I may advise the Court that the United States has no objection to granting the claimant an additional two (2) weeks beyond Monday, April 21, 2014, to request permission to file a Rule 12 (b)(6) Motion.

Respectfully,

Stuart A. Jackson

Saj/fim
Cc: Laura Mantell
AUSA